| | |
|---|---|
| GLENN D. POMERANTZ (SBN 112503)<br>glenn.pomerantz@mto.com<br>MUNGER, TOLLES & OLSON LLP<br>355 South Grand Avenue, Thirty-Fifth Floor<br>Los Angeles, California 90071-1560<br>Telephone: (213) 683-9100<br>Facsimile: (213) 687-3702<br><br>KELLY M. KLAUS (SBN 161091)<br>kelly.klaus@mto.com<br>ACHYUT J. PHADKE (SBN 261567)<br>achyut.phadke@mto.com<br>ADAM I. KAPLAN (SBN 268182)<br>adam.kaplan@mto.com<br>MUNGER, TOLLES & OLSON LLP<br>560 Mission Street, Twenty-Seventh Floor<br>San Francisco, California 94105-2907<br>Telephone: (415) 512-4000<br>Facsimile: (415) 512-4077<br><br>*Attorneys for Defendants Motion Picture Association of America, Inc., The Walt Disney Company, Paramount Pictures Corporation, Sony Pictures Entertainment Inc., Twentieth Century Fox Film Corporation, Universal City Studios LLC, and Warner Bros. Entertainment Inc.* | K. LEE MARSHALL (SBN 277092)<br>klmarshall@bryancave.com<br>ROGER MYERS (SBN 146164)<br>roger.myers@bryancave.com<br>ALEXANDRA C. WHITWORTH (SBN 303046)<br>alex.whitworth@bryancave.com<br>BRYAN CAVE LLP<br>560 Mission Street, Suite 2500<br>San Francisco, California 94105<br>Tel: (415) 675-3400 /Fax: (415) 675-3434<br><br>*Attorneys for Defendant National Association of Theatre Owners* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIMOTHY FORSYTH, individually and on behalf of a class of similarly situated individuals,<br><br>　　　　　Plaintiff,<br><br>　　　　　vs.<br><br>MOTION PICTURE ASSOCIATION OF AMERICA, INC., et al.,<br><br>　　　　　Defendants. | Case No. 3:16-cv-00935-RS<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF [1] SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA ANTI-SLAPP STATUTE, CAL. CIV. PROC. CODE § 425.16 *ET SEQ.*, OR, IN THE ALTERNATIVE, [2] MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>Date: June 9, 2016<br>Time: 1:30 pm<br>Place: Courtroom 3, 17th Floor<br>Judge: Hon. Richard Seeborg |

1    Defendants Motion Picture Association of America, Inc. ("MPAA"); The Walt Disney
2 Company, Paramount Pictures Corporation, Sony Pictures Entertainment Inc., Twentieth Century
3 Fox Film Corporation, Universal City Studios LLC, and Warner Bros. Entertainment Inc.
4 (collectively the "Studio Defendants"); and National Association of Theatre Owners ("NATO,"
5 and collectively with the MPAA and the Studio Defendants, "Defendants") respectfully submit
6 this request that the Court take judicial notice, pursuant to Federal Rule of Evidence 201, of the
7 content of the three websites identified below, as exemplified by the screenshots in Exhibits 1–3
8 attached hereto.  This Request for Judicial Notice ("Request") is filed in support of Defendants'
9 Motions (1) to Strike the Complaint in its Entirety Pursuant to California's Anti-SLAPP Statute,
10 Cal. Civ. Proc. Code § 425.16 *et seq.*, or (2) to Dismiss the Complaint Pursuant to Fed. R. Civ. P.
11 12(b)(6).[1]

| EXHIBIT | DESCRIPTION |
|---|---|
| 1 | Screenshots of Common Sense Media Website, https://www.commonsensemedia.org/ (last visited April 28, 2016) |
| 2 | Screenshot of Smoke Free Movies Website, http://smokefreemovies.ucsf.edu/ (last visited April 28, 2016) |
| 3 | Screenshot of Scenesmoking Website, http://www.scenesmoking.org/ (last visited April 28, 2016) |

19    Federal Rule of Evidence ("Rule") 201 provides that a "court may judicially notice a fact
20 that is not subject to reasonable dispute because it … can be accurately and readily determined
21 from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  The Court
22 may consider facts subject to judicial notice at the dismissal stage without converting the motion
23 into one for summary judgment.  *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

---

[1] Although motions to strike under California's anti-SLAPP statute may rely on extrinsic evidence, Defendants' anti-SLAPP motion, filed jointly with Defendants' Rule 12(b)(6) motion, does not do so and therefore is governed by Rule 12 standards.  *Choyce v. SF Bay Area Indep. Media Ctr.*, 2013 WL 6234628, at *5 (N.D. Cal. Dec. 2, 2013); *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 980 (C.D. Cal. 1999).

1  Rule 201 "permit[s] the court to take judicial notice of facts contained in websites,"
2  including their contents. *United States v. Kane*, 2013 WL 5797619, at *8 (D. Nev. Oct. 28, 2013);
3  *see also O'Toole v. Nothrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not
4  uncommon for courts to take judicial notice of factual information found on the world wide web.")
5  (citations omitted). "[A] court may take judicial notice of publicly available … web pages that
6  'indicate what was in the public realm at the time, not whether the contents of those articles [or
7  web pages] were in fact true.'" *Tarantino v. Gawker* Media, LLC, 2014 WL 2434647, at *1 n.1
8  (C.D. Cal. Apr. 22, 2014) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592
9  F.3d 954, 960 (9th Cir.2010)); *Kane*, 2013 WL 5797619, at *9 (same).
10  Defendants respectfully request that the Court take judicial notice of the content of three
11  websites that discuss the attributes of particular movies, as exemplified by the screenshots in
12  Exhibits 1–3. This Request does not ask the Court to take notice of the truth of any statement in
13  these websites or in Exhibits 1–3, but rather to take judicial notice that the content of these
14  websites is "in the public realm." *Tarantino*, 2014 WL 2434647, at *1 n.1. The content of the
15  websites and exemplar screenshots and the fact that this content is publicly available on the
16  internet "is not subject to reasonable dispute," because the Court can go to these websites and
17  readily determine the same. *See* Fed. R. Evid. 201(b); *see e.g.*, *Hendrickson v. eBay, Inc.*, 165 F.
18  Supp. 2d 1082, 1084 n.2 (C.D. Cal. 2001) ("[T]he Court takes judicial notice of www.eBay.com
19  and the information contained therein pursuant to Federal Rule of Evidence 201."). Plaintiff has
20  no reasonable basis on which to object to Defendants' limited Request.
21  Exhibit 1 consists of screenshots from the website of an entity known as Common Sense
22  Media, which identifies itself as "the nation's leading independent non-profit organization
23  dedicated to empowering kids to thrive in a world of media and technology."
24  https://www.commonsensemedia.org/ (last visited April 29, 2016). Exhibit 2 is a screenshot from
25  a website called "Smoke Free Movies," which is maintained by University of California, San
26  Francisco's Center for Tobacco Control Research and Education.
27  http://smokefreemovies.ucsf.edu/ (last visited April 29, 2016). Exhibit 3 is a screenshot from a
28  website called "Scenesmoking.org," which was established by the non-profit Breathe California of

1  Sacramento-Emigrant Trails.  This website hosts a searchable movie database, called "Thumbs
2  Up! Thumbs Down!",  which reviews movies based on the tobacco imagery therein.
3  http://www.scenesmoking.org/ (last visited April 29, 2016).
4       For the foregoing reasons, Defendants respectfully request that the Court take judicial
5  notice of the contents of (1) the Common Sense Media website, (2) the Smoke Free Movies
6  website, and (3) the Scenesmoking website, as exemplified by the screenshots in Exhibits 1–3.

7  DATED:  April 29, 2016        MUNGER, TOLLES & OLSON LLP

9                                       By:    */s/ Kelly M. Klaus*
                                               KELLY M. KLAUS

11                              *Attorneys for MPAA and Studio Defendants*

12  BRYAN CAVE LLP

14                                       By:    */s/ K. Lee Marshall*
                                             K. LEE MARSHALL

16                              *Attorneys for NATO*

17                                   *   *   *

18       In accordance with Civil Local Rule 5-1(i), the filer attests that each of the above
19  signatories have concurred in the filing of this document.

21  DATED:  April 29, 2016        By:    */s/ Kelly M. Klaus*
                                               KELLY M. KLAUS