1  GLENN D. POMERANTZ (SBN 112503)
   glenn.pomerantz@mto.com
2  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue, Thirty-Fifth Floor
3  Los Angeles, California 90071-1560
   Telephone:    (213) 683-9100
4  Facsimile:    (213) 687-3702

5  KELLY M. KLAUS (SBN 161091)
   kelly.klaus@mto.com
6  ACHYUT J. PHADKE (SBN 261567)
   achyut.phadke@mto.com
7  ADAM I. KAPLAN (SBN 268182)
   adam.kaplan@mto.com
8  MUNGER, TOLLES & OLSON LLP
   560 Mission Street, Twenty-Seventh Floor
9  San Francisco, California 94105-2907
   Telephone:    (415) 512-4000
10 Facsimile:    (415) 512-4077

11 *Attorneys for Defendants Motion Picture*
   *Association of America, Inc., The Walt Disney*
12 *Company, Paramount Pictures Corporation, Sony*
   *Pictures Entertainment Inc., Twentieth Century*
13 *Fox Film Corporation, Universal City Studios*
   *LLC, and Warner Bros. Entertainment Inc.*

   KENNETH LEE MARSHALL (SBN 277092)
   klmarshall@bryancave.com
   ROGER MYERS (SBN 146164)
   roger.myers@bryancave.com
   ALEXANDRA C. WHITWORTH (SBN 303046)
   alexandra.whitwork@bryancave.com
   BRYAN CAVE LLP
   560 Mission Street, Suite 2500
   San Francisco, California 94105
   Tel: (415) 675-3400 /Fax: (415) 675-3434

   *Attorneys for Defendant National Association of*
   *Theatre Owners*

   DAVID SCHACHMAN (*Pro Hac Vice*)
   ds@schachmanlaw.com
   LAW OFFICES OF DAVID SCHACHMAN, P.C.
   55 West Monroe Street, Suite 2970
   Chicago, Illinois 60603
   Tel: (312) 427-9500/Fax: (312) 268-2425

   *One of the Attorneys for Plaintiff Timothy Forsyth*

14

15                    **UNITED STATES DISTRICT COURT**

16                    **NORTHERN DISTRICT OF CALIFORNIA**

17 TIMOTHY FORSYTH, individually and on behalf of a
   class of similarly situated individuals,

18                Plaintiff,

19        vs.

20 MOTION PICTURE ASSOCIATION OF
   AMERICA, INC., a New York corporation, THE
21 WALT DISNEY COMPANY, a Delaware
   corporation, PARAMOUNT PICTURES
22 CORPORATION, a Delaware corporation,
   SONY PICTURES ENTERTAINMENT INC., a
23 Delaware corporation, TWENTIETH
   CENTURY FOX FILM CORPORATION, a
24 Delaware corporation, UNIVERSAL CITY
   STUDIOS LLC, a Delaware corporation,
25 WARNER BROS. ENTERTAINMENT INC., a
   Delaware corporation, and NATIONAL
26 ASSOCIATION OF THEATRE OWNERS, a
   New York corporation,

27                Defendants.

28

   Case No. 3:16-cv-00935-RS

   **STIPULATION AND
   [~~PROPOSED~~] ORDER RE
   [1] PLAINTIFF'S RESPONSE TO
   DEFENDANTS' SPECIAL
   MOTION TO STRIKE
   PLAINTIFFS' ACTION
   PURSUANT TO CALIFORNIA'S
   ANTI-SLAPP STATUTE AND
   MOTION TO DISMISS, AND
   [2] CASE MANAGEMENT
   CONFERENCE AND RELATED
   DEADLINES**

   Judge:  Hon. Richard Seeborg

1    On May 12, 2016, counsel for Plaintiff and all Defendants conferred telephonically,

2    pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), concerning scheduling issues in this

3    matter.  In that scheduling conference, counsel for all parties agreed that, subject to the Court's

4    approval, (1) the hearing on Defendants' special motion to strike under California's anti-SLAPP

5    statute and motion to dismiss, currently set for Thursday, June 9, 2016, at 2:30 p.m. should be

6    taken off calendar, and a new hearing date set following Plaintiff's submission of their Opposition

7    (as discussed herein) and the parties' stipulation regarding a date for Defendants' reply and a

8    proposed hearing date; (2) the page limit for Plaintiff's Opposition to the motions should be

9    increased as set out below; (3) the correct corporate entity for one of the Defendants should be

10   substituted into the case in place of an incorrectly named Defendant; and (4) the Case

11   Management Conference ("CMC"), currently on calendar for Thursday, May 26, at 10:00 a.m.

12   (Dkt. No. 24), should be taken off calendar, all deadlines set by or related to Rules 16(b) and 26(f)

13   should be vacated and, following the Court's ruling on Defendants' dispositive motions, if

14   necessary, the Court should set a new CMC within a month of the ruling on Defendants'

15   dispositive motions, if practicable, and the parties will submit their Rule 26(f) report no later than

16   14 days before the new CMC date.

17       Good cause exists for this stipulation based upon the following recitals:

18       A.  On April 29, 2016, Defendants filed a joint motion to strike Plaintiff's entire action

19   pursuant to California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16, and to dismiss the

20   complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and Defendant National

21   Association of Theater Owners filed a supplemental brief in support of same;

22       B.  The hearing on Defendants' motion to strike and dismiss the case is set for June 9,

23   2016.  Under Civil Local Rule 7-3, Plaintiff's Opposition brief would be due by Friday, May 13,

24   and Defendants' Reply would be due by Friday, May 20, 2016;

25       C.  Defendants submitted in support of their motions a request for judicial notice, which

26   Defendants maintain is proper for the portion of their motion under Rule 12(b)(6) as well as for

27   the anti-SLAPP motion.  Defendants do not contend that Plaintiff is required to respond to the

28   anti-SLAPP motion with evidence in support of any factual allegations in the complaint that are

STIPULATION AND [PROPOSED] ORDER
Case No. 3:16-cv-00935-RS

otherwise sufficient to satisfy Plaintiff's pleading burden under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("plaintiff's obligation … requires more than labels or conclusions"). Defendants do contend that Plaintiff's claims are constitutionally and legally barred, and that there are no non-conclusory allegations in the complaint that satisfy Plaintiff's federal pleading burden or its burden in responding to the anti-SLAPP motion.  Based on the foregoing, Plaintiff and Defendants agree that the anti-SLAPP motion should be considered as akin to a Rule 12(b)(6) motion to dismiss, and accordingly that the anti-SLAPP motion does not provide Plaintiff a basis for seeking discovery at this juncture, as might be the case if the anti-SLAPP motion were akin to a Rule 56 motion.  *See, e.g., Smith v. Payne*, 2012 U.S. Dist. LEXIS 182345, *17-19 n.7 (N.D. Cal. Dec. 26, 2012).  Defendants stipulate that by entering into this stipulation plaintiff has not waived any right to claim that the California anti-SLAPP statute should not be applied in any manner to this case. As a result, Plaintiff stipulates that he will not seek to conduct any discovery to respond to the motions;

D.  Plaintiff's counsel have informed Defendants that they need until Friday, July 15, 2016, to respond to Defendants' motions because of ongoing briefing and a hearing on a motion for summary judgment in a pending case, and long standing scheduled travel plans outside of the country, both of which are scheduled for June.  Plaintiff will make every effort to file his response prior to July 15, 2016, if possible.  Defendants do not object to Plaintiff's requested extension of time within which to respond to the motions, subject to the other provisions of this Stipulation and [Proposed] Order;

E.  Once Plaintiff files his Opposition to Defendants' motion, Defendants' counsel will quickly review the filing and within one week propose to Plaintiff's counsel a schedule for the filing of a Reply and a proposed hearing date on the Court's available civil motion calendar (the parties agree that they will not propose a date that is less than three weeks from the date of the proposed Reply); Defendants do not expect to request a significant extension of the time within which to file their Reply but will need to coordinate their response with the various summer professional and travel conflicts for clients and counsel that will exist during the late July and August time-frame; the parties will file the aforementioned Stipulation and [Proposed] Order

1  promptly after the meet-and-confer;

2    F.  Plaintiff intends to file one combined brief in response to the separate anti-SLAPP

3  motions filed by defendants and believes he will need up to 40 pages, instead of the 25 allotted by

4  the Local Rules per motion, to address Defendants' motions and supplemental brief.  Defendants

5  do not object to the requested extension and page limit request and anticipate that in the stipulation

6  referenced in Paragraph E above, Defendants may request a modest increase of the otherwise

7  applicable page limits for the Reply brief(s);

8    G.  Plaintiff intended to name as Defendants all of the members of Defendant Motion

9  Picture Association of America, Inc. ("MPAA") but named The Walt Disney Company, which is

10  not an MPAA member; Plaintiff therefore wishes to substitute Walt Disney Studios Motion

11  Pictures, which is an MPAA member, in place of The Walt Disney Company (which is hereby

12  dismissed) as a Defendant;

13    H.  The CMC is currently on calendar for May 26, 2016, but the parties respectfully submit

14  that it would be a more efficient use of judicial resources, as well as the resources of the parties,

15  for they and the Court not to spend the time necessary to develop and set the discovery plan and

16  case schedule mandated by Rules 16(b) and 26(f) until after the Court determines whether

17  Plaintiff's action will survive Defendants' dispositive motions and, if any part of it does survive,

18  which claims will continue and require discovery and which will not; and

19    I.  No prior extensions of time have been sought for Plaintiff's Opposition to Defendants'

20  motions.

21    NOW, THEREFORE, the parties hereby stipulate that, subject to the Court's approval:

22    1.  Plaintiff's Opposition to Defendants' motions is due on or before July 15, 2016;

23    2.  Plaintiff's Opposition brief to the anti-SLAPP motions shall not exceed 40 pages of text

24  (exclusive of caption page and tables);

25    3.  Defendants' anti-SLAPP motion is akin to a Rule 12 and not a Rule 56 Motion. Plaintiff

26  stipulates that he will not seek to conduct any discovery to respond to the anti-SLAPP motion or

27  the motion to dismiss unless defendants' reply memoranda attempts to convert the motions to Rule

28  56 motions.  Defendants stipulate that by entering into this stipulation plaintiff has not waived any

STIPULATION AND [PROPOSED] ORDER
Case No. 3:16-cv-00935-RS

1   right to claim that the California anti-SLAPP statute should not be applied in any manner to this

2   case;

3       4.   Within one week of the filing of Plaintiff's Opposition, the parties shall meet-and-

4   confer on the date for Defendants to file their Reply brief(s) and a proposed hearing date on the

5   motions, and the parties thereafter shall promptly submit a Stipulation and [Proposed] Order for

6   the Court's review;

7       5.   Walt Disney Studios Motion Pictures is substituted in place of The Walt Disney

8   Company as a Defendant in the case, and The Walt Disney Company is dismissed; and

9       6.   The CMC currently scheduled for May 26, 2016 shall be vacated, and following the

10   Court's ruling the Defendants' pending dispositive motions, the Court shall, if necessary,

11   reschedule the CMC a trial setting conference for a date not to exceed one month from the Court's

12   ruling on Defendant's dispositive motions, unless the Court finds good cause at the time to set the

13   CMC for a later date.

14       IT IS SO STIPULATED.

15   DATED:  May 15, 2016                LAW OFFICES OF DAVID SCHACHMAN, P.C.

16

17                                      By:   _____*/s/ David Schachman*_____
                                             DAVID SCHACHMAN

18
                                       One of the Attorneys for Plaintiff Timothy Forsyth
19

20   DATED:  May 15, 2016                MUNGER, TOLLES & OLSON LLP

21

22                                      By:   _____*/s/ Kelly M. Klaus*_____
                                             KELLY M. KLAUS

23

24                                      Attorneys for Defendants Motion Picture Association of
                                       America, Inc., The Walt Disney Company, Paramount
25                                      Pictures Corporation, Sony Pictures Entertainment Inc.,
                                       Twentieth Century Fox Film Corporation, Universal
26                                      City Studios LLC, and Warner Bros. Entertainment Inc.

27

28

1  DATED:  May 15, 2016                    BRYAN CAVE LLP

2

3                                          By:    _/s/ K. Lee Marshall_____
                                                  K. LEE MARSHALL
4
                                           Attorneys for Defendant National Association of
5                                          Theatre Owners

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   THE COURT FINDS GOOD CAUSE EXISTS FOR THE PARTIES' STIPULATION AND ON

2   THAT BASIS THE FOREGOING STIPULATION IS APPROVED AND IS SO ORDERED.

3   DATED:   5/17/16

4

5

6   _____
    HONORABLE RICHARD SEEBORG

7   UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER
Case No. 3:16-cv-00935-RS